UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Armando Rivas, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Turning Point Solutions, LLC; and DOES 1-10, inclusive, | **COMPLAINT** **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Armando Rivas, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Armando Rivas  ("Plaintiff"), is an adult individual residing in Boynton Beach, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(10).

5.     The Defendant, Turning Point Solutions, LLC ("Turning Point"), is a business entity with an address of 3221 Southwestern Boulevard, Suite 120, Orchard Park, New York 14217, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(10).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Turning Point Solutions, LLC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Turning Point at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Turning Point for collection, or Turning Point was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Facts

12.    In or around June 2012, Turning Point began calling Plaintiff's cellular telephone, number 561-xxx-1738, and place of employment, number 561-xxx-9200, in an attempt to collect the Debt.

13.    At all times mentioned herein, Turning Point placed calls to Plaintiff using an

2

automatic telephone dialing system ("ATDS") and/or using a prerecorded or artificial voice.

14.     Oftentimes when Plaintiff answered a call from Turning Point he heard a prerecorded message and there was no one with whom Plaintiff could speak.

15.     On numerous occasions, when Plaintiff was able to speak with a live representative from Turning Point, he asked why they were calling and further instructed Turning Point to cease calls to his cellular telephone and place of employment.

16.     In each phone call, Turning Point failed to disclose the name of the company and the reason for placing the call.

17.     However, Turning Point continued to place calls to Plaintiff's cellular telephone and place of employment at an annoying and harassing rate placing up to five calls daily.

18.     Often when Plaintiff did not answer a call from Turning Point they would leave messages threatening to take legal action against Plaintiff.

19.     During a later conversation, Plaintiff further instructed Turning Point that he had legal representation and to direct all calls to Plaintiff's counsel, however Turning Point continued to place calls to Plaintiff on his cellular telephone and at his place of employment.

20.     Plaintiff never provided his cellular telephone number to Turning Point, nor did he provide his consent to be contacted at his cellular telephone.

21.     Further, Turning Point failed to send Plaintiff written correspondence regarding the Debt and Plaintiff's rights.

## COUNT I

### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used

unfair and unconscionable means to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

34.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
### 47 U.S.C. § 227, *et seq.*

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Without prior consent the Defendants contacted the Plaintiff by means of ATDS calls to his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

38.     Defendants placed automated calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number and despite Plaintiff's numerous requests to Turning Point that it cease all calls to him. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

39.     The telephone number called by Turning Point was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40.     The calls from Turning Point to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

44.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

45.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

46.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT IV

## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

47.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

48.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

49.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

50.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

51.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.   Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

3.   Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5.   Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 6, 2014

Respectfully submitted,

By: _____

Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
300 International Drive, Suite 100
Williamsville, NY 14221
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff